# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FERLANDES CORNELIUS, | : | **Civil Action No. 19-19363 (SRC)** |
| Plaintiff, | : | **OPINION** |
| v. | : |  |
| VENECIA BROWN, et al., | : |  |
| Defendants. | : |  |

**CHESLER**, District Judge

      This matter comes before the Court on the Court's *sua sponte* Order To Show Cause of October 30, 2019 directing Plaintiff Ferlandes Cornelius ("Plaintiff") why this action should not be dismissed for lack of subject matter jurisdiction. The Order also noted that Defendants had been improperly joined pursuant to Federal Rule of Civil Procedure 20(a)(2), as the claims against Defendants Venecia Brown and Grace Brown arose from a different automobile accident than the claims against Defendants Jonathan Arroyo and PV Holding Corp. For the reasons that follow, the Order To Show Cause will be discharged.

      First, Plaintiff has satisfied the Court that there is complete diversity between Plaintiff and Defendants, as required to establish jurisdiction under 28 U.S.C. § 1332(a). Plaintiff asserts that he is domiciled in New Jersey. The Court noted in its Order To Show Cause that it could not determine the citizenship of Defendant PV Holding Corp. because the Complaint failed to set forth its state of incorporation and the state of its principal place of business. Plaintiff has now provided information demonstrating that PV Holding Corp. is a Delaware Corporation with its principal place of business in Queens, New York. Defendant Jonathan Arroyo is alleged to be a

citizen of New York, and Defendants Venecia Brown and Grace Brown are alleged to be citizens of Georgia. Accordingly, Plaintiff has demonstrated that there is complete diversity.

Second, in the interest of completeness, the Court notes that Plaintiff has failed to provide a satisfactory response assuaging the concerns the Court raised as to the improper joinder of claims. Plaintiff argues that although his claims arise out of two separate car accidents, one of which occurred in New Jersey and the other in New York, on two different dates involving different parties, the claims can be properly joined because the injuries Plaintiff allegedly sustained in each accident may play a role in determining which accident caused which injuries. In the Court's view, this fails to meet the requirements of Rule 20(a). Additionally, although Plaintiff has clarified that *in personam* jurisdiction over Defendants Venecia Brown and Grace Brown is predicated on the fact that the claims against them arise out of an accident which occurred in Jersey City, New Jersey, the Court discerns no basis for personal jurisdiction over Arroyo and PV Holding Corp., out-of-state litigants involved in this case by virtue of an accident that occurred in New York.

Nevertheless, because Plaintiff has demonstrated that the Court has subject matter jurisdiction over this action, the Order To Show Cause will be discharged, and Plaintiff will be directed to file an Amended Complaint setting forth all of the information required to establish diversity jurisdiction under 28 U.S.C. § 1332(a), that is, the state of incorporation and principal place of business of Defendant PV Holding Corp. An appropriate Order will be filed.

    s/ Stanley R. Chesler    
STANLEY R. CHESLER
United States District Judge
